UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIEMER BARROSO LOBAINA,<br>Petitioner,<br>v.<br>CHRISTOPHER CHESTNUT,<br>Respondents. | No. 1:26-cv-04169-DJC-CKD<br><br><u>RELEASE ORDER</u><br>A# 244-234-583 |

Petitioner Eliemer Barroso Lobaina is an immigration detainee proceeding with a Petition for Writ of Habeas Corpus (ECF No. 1) as supplemented with the assistance of counsel (ECF No. 9). The Court has previously addressed the legal issues raised in Count 1 of the Petition. *See Garcia Mariagua v. Chestnut*, No. 1:25-cv-01744-DJC-CSK, 2025 WL 3551700 (E.D. Cal. Dec. 11, 2025); *Ortega v. Noem*, No. 1:25-cv-01663-DJC-CKD, 2025 WL 3511914 (E.D. Cal. Dec. 8, 2025); *Lopez v. Lyons*, No. 2:25-cv-03174-DJC-CKD, 2025 WL 3124116 (E.D. Cal. Nov. 7, 2025).

Pursuant to 28 U.S.C. § 2243, the Court directed Respondents to file a return showing cause why the Court should not grant a writ of habeas corpus as to Count 1 and identify any factual or legal issues in this case that distinguish it from the Court's prior orders. (ECF No. 4.) Respondents concede that "there appears to be no substantive distinction between this case and the cases cited in the Court's minute

order[.]" (ECF No. 6 at 1.) However, Respondents argue that this Petition is successive of a prior petition filed District Court for the Southern District of Florida and thus should be dismissed as abuse of the writ. (*Id.* at 2.)

"Generally, the abuse of the writ doctrine 'forbids the reconsideration of claims that were or could have been raised in a prior habeas petition.'" *Petrocelli v. Angelone*, 248 F.3d 877, 884 (9th Cir. 2001). "Under the abuse of the writ doctrine, a successive petition that raises identical grounds for relief as a prior petition must be dismissed unless the petitioner can show (1) cause for bringing a successive petition and that prejudice would result or (2) that a fundamental miscarriage of justice would result from failure to entertain that claim." *Alaimalo v. United States*, 645 F.3d 1042, 1049 (9th Cir. 2011). Petitioner did originally file a Petition in the Southern District of Florida that raised similar claims and was denied. *See Lobaina v. Krome North Service Processing Center*, No. 1:26-cv-21362-JB. However, the Court nevertheless finds that failure to entertain the present claim would result in a fundamental miscarriage of justice. Petitioner is plainly entitled to release for the reasons identified in the Court's prior orders. Failure to consider the Petition as second or successive would result in Petitioner's continued detention despite his clearly meritorious claim. Moreover, intervening Eleventh Circuit authority in *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258 (11th Cir. 2026), strongly indicates that Petitioner would be entitled to relief from the prior judgment. Respondents argue that "[a] change in controlling law generally will ordinarily not constitute extraordinary circumstances to provide a basis for relief pursuant to Fed. R. Civ. P. 60(b)(6)." (ECF No. 11 at 2.) But given the direct custody consequences of this change in interpretation extraordinary circumstances would undoubtedly exist here.

Accordingly, as Respondents have not made any other new legal arguments and have not identified any factual or legal issues in this case that would distinguish it from the Court's prior decisions cited above, IT IS HEREBY ORDERED that the Petition

for Writ of Habeas Corpus (ECF No. 1) is GRANTED as to Count 1, for the reasons stated in those prior orders.[1]

Respondents are ORDERED to immediately release Petitioner Eliemer Barroso Lobaina from their custody. Respondents shall not impose any additional restrictions on Petitioner, unless that is determined to be necessary at a future pre-deprivation/custody hearing. Respondents are permanently ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating Petitioner's arrest and detention, and a timely hearing. At any such hearing, the Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have their counsel present. This Order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal.

The Clerk of the Court is directed to serve California City Detention Center with a copy of this Order.

The Clerk of the Court is further directed to close this case and enter judgment for Petitioner. This Order resolves all pending motions.

IT IS SO ORDERED.

Dated: **July 28, 2026**

Daniel J. Calabretta

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

[1] In the interests of judicial economy, the Court declines to address the remaining grounds for relief in the Petition.